IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NORNITA HYMAN,

    Plaintiff,

    v.                          CIVIL NO.: WDQ-10-3566

HOUSING AUTHORITY OF
BALTIMORE CITY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Nornita Hyman sued in state court to garnish property of the Housing Authority of Baltimore City ("HABC") held by Towner Management Company, Inc. ("Towner"). The United States Department of Housing and Urban Development ("HUD") removed the suit to this Court. For the following reasons, Hyman's motion to remand will be granted.

I.    Background

Towner, a privately-owned company, manages 11 housing developments "owned, either in whole or in part," by the Housing Authority of Baltimore City ("HABC"). H. Rainbow Lin Aff. ¶ 4, Jan. 28, 2011. Of the 11 developments, four "include either 100% public housing units or a mixture of public housing and other affordable housing units" for which HABC receives federal funds under an annual contribution contract "between HABC and HUD." *Id.* ¶ 5. HABC also receives state funds through the

Maryland Partnership Rental Housing Program for eight of the Towner managed properties, and Towner collects and holds tenant rents on HABC's behalf pursuant to "security agreements and assignments of rent . . . held by the State of Maryland." *Id.*, ¶ 7 & Ex. 1; ECF No. 9-1 at 5.

On August 19, 2010, Hyman obtained a $153,834.00 judgment in the Circuit Court for Baltimore City against HABC for mold exposure injuries. Notice of Removal ¶ 1. On September 28, 2010, the Clerk of the Court issued a writ of garnishment directing Towner to "hold . . . the property of the judgment debtor in [its] possession." ECF No. 2.

On December 21, 2010, HUD removed the case to this Court. ECF No. 1. On December 29, 2010, Hyman moved to remand. ECF No. 9. On January 28, 2011, HUD moved to intervene and quash the writ of garnishment. ECF Nos. 19, 21.

II. Analysis

    A. Standard of Review

The removing party must plead a basis for federal jurisdiction. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296-98 (4th Cir. 2008). Once challenged, that party bears the burden of proving that the federal court has jurisdiction over the action. *Id.* On a motion to remand, the court may "look beyond the pleadings and consider summary judgment type evidence, such as the affidavits and the depositions accompanying either a

2

notice of removal or [the] motion." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005).

To avoid "interfer[ing] with matters properly before a state court," all doubts about the propriety of the removal must be resolved in favor of remanding the case. *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701 (D. Md. 1997) (internal quotation marks omitted). "If federal jurisdiction is doubtful, remand is necessary." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

B. Hyman's Motion to Remand

Hyman argues that the case must be remanded because removal was improper, and the Court lacks jurisdiction. Pl.'s Mot. to Remand 3-8. HUD contends that it is the real party in interest to the writ of garnishment making removal proper under 28 U.S.C. § 1442(a)(1). Govt's Opp'n Mot. to Remand 1-2. Alternatively, HUD argues that removal is proper under 28 U.S.C. § 1441. *Id.*

1. 28 U.S.C. § 1442

Under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, actions "commenced in a State court against . . . [t]he United States or any agency thereof or any officer [thereof]" may be removed to federal court. To show that removal is proper under § 1442, HUD must demonstrate that: (1) the Towner garnishment is a "civil action," which was (2) "commenced . . . against" it. 28 U.S.C. § 1442(a)(1); *City of Cookeville v.*

*Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007).[1]

State garnishment proceedings are "civil actions" that may be removed under § 1442(a)(1) if the statute's other requirements are met.[2] A garnishment action may be "commenced against" a federal agency not named as a defendant if the garnishment "threaten[s] [the agency] with the state's coercive power" in a "sufficiently real" way. *See Nationwide,* 793 F.2d at 1046. However, the agency's mere interest in the garnishment is, alone, an insufficient basis for removal.[3]

---

[1] Section 1442 "allows for removal when its elements are met regardless of whether the suit could originally have been brought in federal court." *Cookeville,* 484 F.3d at 389 (internal quotation marks omitted). Its "basic purpose is to protect the federal government from [state] interference with its operations," *Watson v. Phillip Morris Co.*, 551 U.S. 142, 142 (2007), and courts should avoid interpreting the statute in "a narrow, grudging" manner, *Willingham v. Morgan,* 395 U.S. 402, 407 (1969). But, although the statute's language may be broadly interpreted, "federal courts are courts of limited jurisdiction," and "uncertainties concerning jurisdiction should still be resolved in favor of remand." *Swanstorm v. Teledyne Cont'l Motors, Inc.*, 531 F. Supp. 2d 1325, 1330 (S.D. Ala. 2008).

[2] *See Nationwide Investors v. Miller,* 793 F.2d 1044, 1045 (9th Cir. 1986)(state garnishment proceeding to which federal officer was summoned was removable under § 1442(a)(1)); *Kordus v. Biomark Int'l, LLC,* 224 F.R.D. 590, 593 (D. Del. 2004) (allowing removal of garnishment action against United States which sought to obtain judgment debtor's property seized by government in civil forfeiture action).

[3] *See Murray v. Murray,* 621 F.2d 103, 104-07 (5th Cir. 1980)(wife's writ of garnishment seeking to garnish monies owed to her former husband by the Veterans' Administration was not removable; to support removal, there must be a showing that the

4

Here, the Notice of Removal alleges that "[t]he account against which the Writ of Garnishment is pending contains federal funds distributed and controlled by HUD and earmarked for low income families." Notice of Removal ¶ 3. The Notice of Removal is supported by the affidavit of the HABC's chief financial officer, H. Rainbow Lin, which states that Towner manages 11 HABC developments, and HUD provides HABC with federal operating subsidies for those developments pursuant to annual contribution contracts between HUD and HABC. Lin Aff. ¶¶ 4-5; ECF No. 19, Ex. F.

Although HUD contends that the Towner writ is against federal funds it controls, it has not identified the "account" relied on in the Notice of Removal, nor explained how the funds held by Towner and subject to garnishment are under HUD's control. Unlike *Goods* and *Smith*, in which this Court denied motions to remand, HUD has not shown—as it must when removal is challenged—that the writ has been effectively "commenced

---

"pendency and disposition of the garnishment action in state court could [somehow] arrest, restrict, impair, or interfere with either the actions of a federal official or the operations of the federal government," and the garnishment at issue would not "expose the United States to any liability beyond its acknowledged and accepted obligation to pay monthly disability benefits" or "enjoin the performance of a future act by a federal officer").

against" it.[4] At most, HUD has shown that it may be an indirect stakeholder in the garnishment, and HUD does not contest that "HABC funds" Towner holds are tenant rents and state subsidies.

The writ does not appear to operate against funds that—although nominally held by another party—are HUD's, nor does it appear to interfere with any contractual rights between HUD and the garnishee. Hyman is not "essentially attempting to enforce [her] garnishment action against the United States." *Burtis Motor Co., Inc. v. Ross*, 1990 WL 146511, at *1 (D. Kan. 1990)(*citing Nationwide*, 793 F.3d at 1046-47). This garnishment does not threaten HUD with the state's coercive power in a "sufficiently real" way, and § 1442 does not provide a basis for removal.

---

[4] In *Goods* and *Smith*, the writs were directed at bank accounts that, although held in HABC's name, contained undistributed HUD funds. The accounts were governed by general depository agreements and annual contribution contracts which gave HUD continued control over the funds, including the right to stop all account withdrawals. *Goods v. Hous. Auth.*, 2011 WL 809488, at *1-2 (D. Md. Mar. 2, 2011); *Smith v. Hous. Auth.*, 2011 WL 232006, at *1-3 (D. Md. Jan. 24, 2011). Accordingly, the Court held that for purposes of § 1442, the garnishment was effectively "commenced against" HUD. *See also Buchanan v. Alexander*, 4 How. 20, 11 L.Ed. 857, 858 (1864)("So long as money remains in the hands of disbursing officer" of the United States, it is still the federal government's money and not subject to attachment by creditors); *Gomez Fernandez v. Huerfano & Las Aminas Cntys. Head Start Policy Council, Inc.*, 1990 WL 126195, at *1-3 (D. Colo. Aug. 14, 1990)(post-judgment writ of garnishment directed at federal funds held in county Head Start's bank account was properly removed under § 1442 and would be quashed).

2. 28 U.S.C. § 1441

HUD also argues that the action is removable under 28 U.S.C. § 1441 because the Court has original jurisdiction over the garnishment. ECF No. 20 at 13-14. HUD contends that there is original jurisdiction because "to put forth a viable garnishment action, [Hyman] must ground [her] action in some law or premise that would be sufficient to defeat sovereign immunity" as to any federal funds that *may* be subject to the garnishment. *Id.* at 20.

Section 1441 (a) permits removal of an action that could originally have been brought in federal district court, 28 U.S.C. § 1441 (a), as a "civil action[] arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The presence or absence of a federal question is governed by the "well-pleaded complaint" rule, under which whether a case arises under federal law "in the sense of a jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim" and "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Okla Tax Comm'n v. Graham,* 489 U.S. 838, 840-41 (1989)(*quoting Taylor v. Anderson,* 234 U.S. 74, 75-76 (1914)) (alterations in original).

Section 1441 (a) "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).[5]

HUD does not specify the theory of federal question jurisdiction that exists, but, the record does not show that the case was removable under either. "[I]t has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Graham*, 489 U.S. at 841. Towner or HABC's assertion that funds subject to the writ cannot be garnished because they are federal, would not create a federal question on the face of the writ. As discussed above, HUD has not specified the federal funds at risk from the garnishment and has not demonstrated that

---

[5] There is "another longstanding, if less frequently encountered variety of federal 'arising under' jurisdiction," which allows for the exercise of federal question jurisdiction over certain state claims implicating "significant federal issues." *Grable*, 545 U.S. at 312. "This doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify the resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Id.* In deciding whether jurisdiction exists on this basis, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

the writ "necessarily raises" a federal issue. *Grable,* 545 U.S. at 314. HUD has not shown that this Court has original jurisdiction over the suit. Accordingly, Hyman's motion for remand will be granted.

III. Conclusion

For the reasons stated above, Hyman's motion to remand the case to the Circuit Court for Baltimore City will be granted.

_____8/12/11_____  _____/s/_____
Date                     William D. Quarles, Jr.
                         United States District Judge